[No. C044621. Third Dist. June 29, 2005.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT GOMEZ, Defendant and Respondent.

COUNSEL

John D. Phillips, District Attorney, James P. Willet, Assistant District Attorney, Daniel G. Bonnet, Chief Deputy District Attorney, Stephen K. Maier and Kevin A. Hicks, Deputy District Attorneys, for Plaintiff and Appellant.

Kieran D. C. Manjarrez, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

HULL, J.—The People appeal from the dismissal of an information charging defendant with receiving stolen property (Pen. Code, § 496, subd. (a); further unspecified section references are to the Penal Code.) The trial court decided the property seized from defendant's residence had to be suppressed because it was discovered during the course of an illegal search.

Specifically, although defendant had given consent to the search of his residence for guns, firearms, or narcotics in return for a grant of probation following an earlier offense, the court (understandably, given case law existing at the time of the motion to suppress) found the search illegal because the officer's subjective intent was to search for stolen property. We hold the search was lawful because defendant did not have a reasonable expectation of privacy in the place where the property was found. The officer's subjective purpose for the search did not make the search illegal. We reverse the judgment.

FACTS AND PROCEEDINGS

On September 16, 2002, Stockton Police Officer Thomas Walters went to an antiques store after the owner of the store called police to report that a man was trying to sell him antiques stolen from another antiques store the previous evening. When Walters arrived at the store, the man who was trying to sell the antiques, Chauncy Washington, was there. The owners of the stolen antiques were there too and they identified the antiques and said there was "quite a bit more property that was still outstanding." Washington told Walters he had received the antiques from defendant, who lived at 1420 North Monroe.

Walters drove to that address, found defendant, and asked to speak with him. Defendant invited Walters in. Walters asked defendant if he was on parole or probation, and defendant said he was on probation. Walters asked defendant if defendant's probation was conditioned on a search waiver and defendant said he believed it was. Walters then told defendant he was looking for stolen property that was supposed to be at defendant's house. Defendant "paused for a little bit, thought for a second," and then acknowledged he had the antiques and admitted they were in a garage behind his house.

Walters handcuffed defendant and took him outside. He contacted adult probation and was told defendant was on probation and searchable "down to narcotics." Walters went to the back of defendant's residence and saw what appeared to be a makeshift garage or shed consisting of two walls and a roof. He saw two storage boxes that had been described by the owners of the stolen antiques. Walters opened the boxes and saw some of the stolen property.

Charged later with receiving stolen property, defendant moved to suppress the evidence seized from the shed.

At the hearing on the motion, the trial court took judicial notice of an order of probation filed on August 12, 2002, in San Joaquin County case No. SM225623A, in which defendant was placed on probation for three years. On our own motion, we have augmented the record to include this order. One of the conditions of probation required defendant to "[s]ubmit person, vehicles, place of residence or area over which he has control to search for and seizure of . . . [n]arcotics, drugs and other contraband . . . [w]eapons . . . [or] [f]irearms . . . [a]t any time of day or night, with or without a search warrant, with or without probable cause as directed by probation officer or any peace officer." Another condition of probation was that defendant shall "[o]bey all laws."

The court denied defendant's motion to suppress the evidence found in the garage and held him to answer on one count of receiving stolen property.

After an information was filed charging defendant with receiving stolen property (§ 496, subd. (a)), he moved to dismiss (§ 995) the information, arguing the holding order was based on illegally obtained evidence. The court denied the motion, stating "the scope of the search did not exceed the conditions of the search. That is, the officer was looking in a place where the specified items in the search conditions could be found, even though he wasn't looking for those specified items . . . . [¶] The objective circumstances here indicate that through defendant's own statements that it wasn't arbitrary, capricious, or harassing, rather that there was a suspicion that there was stolen property based on earlier information and the statements the defendant made to the officer, so the motion's denied."

Following the trial court's ruling, this court issued its opinion in *Spence*, in which we concluded the defendant's suppression motion should have been granted because the search exceeded the scope of the defendant's probation search clause. (*People v. Spence* (Apr. 9, 2003, C028033) (*Spence*) review den. and opn. ordered nonpub. July 23, 2003, S116058.) Spence was on searchable probation for stolen property, but the officers who conducted the search were looking for evidence of his use of narcotics. We held the search was unlawful because there was no objectively reasonable basis for it. However, we further determined the officers had exceeded the scope of the search waiver, which did not include narcotics. In a footnote, we indicated the searching officer's subjective intent plays a role in determining if the search exceeds the scope of the probationer's waiver. *Spence* was later depublished upon denial of review by the California Supreme Court.

In the interim, defendant moved for reconsideration of his motion to dismiss in reliance on *Spence*. The trial court reluctantly concluded *Spence* required examination of the searching officer's subjective intent and, in this instance, that intent exceeded the scope of defendant's search condition. The court granted defendant's motion and dismissed the information.

DISCUSSION

The People contend the search was objectively reasonable under the circumstances, and the evidence against defendant should not have been suppressed even though the subjective intent of Officer Walters was to search for items not specified in the search condition. Defendant contends the search was unreasonable because, in searching for stolen property, Officer Walters exceeded the scope of that condition.

 Federal constitutional standards govern review of a claim that evidence is inadmissible because it was obtained during an unlawful search. (Cal. Const., art. I, § 28, subd. (d); *People v. Willis* (2002) 28 Cal.4th 22, 29

[120 Cal.Rptr.2d 105, 46 P.3d 898].) "The Fourth Amendment guarantees '[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures' by police officers and other government officials. [Citation.] ■ The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy, that is, whether he or she has manifested a subjective expectation of privacy in the object of the challenged search that society is willing to recognize as reasonable. [Citations.] [¶] '[P]rivate residences are places in which the individual normally expects privacy free of governmental intrusion not authorized by a warrant, and that expectation is plainly one that society is prepared to recognize as justifiable.' [Citations.] Likewise, a garage that is attached or adjacent to a home may give rise to a legitimate expectation of privacy therein. [Citations.]" (*People v. Robles* (2000) 23 Cal.4th 789, 794–795 [97 Cal.Rptr.2d 914, 3 P.3d 311].)

■ Under the Fourth Amendment, a warrantless search of an area in which an individual has a privacy interest that society is willing to recognize "is unreasonable per se unless it falls within a recognized exception to the warrant requirement, for example, where consent to the search has been given. [Citations.] [¶] In California, a person may validly consent in advance to warrantless searches and seizures in exchange for the opportunity to avoid serving a state prison term. [Citations.] Warrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation." (*People v. Robles, supra,* 23 Cal.4th at p. 795.)

■ In reviewing a suppression order, we consider the record in the light most favorable to the defendant, because all factual conflicts must be resolved in favor of the trial court's determination. (*People v. Woods* (1999) 21 Cal.4th 668, 673 [88 Cal.Rptr.2d 88, 981 P.2d 1019].) "But while we defer to the superior court's express and implied factual findings if they are supported by substantial evidence, we exercise our independent judgment in determining the legality of a search on the facts so found." (*Id.* at pp. 673–674.)

The uncontroverted facts here are that Officer Walters was aware defendant was on probation and was subject to search for, among other things, narcotics, but not stolen property. Walters's subjective intent when he entered the garage was not to search for narcotics, but for stolen antiques. Had he been looking for narcotics, the permissive scope of Walters's search would have encompassed the garage.

Given these circumstances, we hold the search was lawful since defendant cannot be said to have had a reasonable expectation of privacy in the area of the garage in which the stolen items were found. Once he agreed, in return

for a grant of probation, that law enforcement officials could search his "person, vehicles, place of residence or area over which he [had] control" for narcotics, or firearms, or weapons, he opened to public view those places where narcotics, firearms, or weapons might be found. He could not reasonably have expected those places to remain private during the term of his probation.

 At its essence, defendant's argument depends on the thought that the search was made unlawful by Walters's subjective intent to search for stolen goods, not narcotics, firearms or weapons. But, both the California Supreme Court and the United States Supreme Court have squarely determined that the officer's subjective intent has no role to play in determining the lawfulness of a probation or parole search.

In *Whren v. United States* (1996) 517 U.S. 806 [135 L.Ed.2d 89, 116 S.Ct. 1769], police officers detained a motorist who they believed had committed a traffic violation. However, there was evidence the officers' subjective intent was to investigate illegal drug activity. During the detention, the police observed crack cocaine in plain view inside the vehicle. The high court rejected the defendants' argument that the traffic stop was a pretext, holding the officers' subjective intent would not invalidate a search that was otherwise justified under the circumstances viewed objectively. (*Id.* at p. 811 [135 L.Ed.2d at pp. 96–97].)

In *People v. Woods, supra*, 21 Cal.4th 668, the state high court relied on *Whren* to conclude the search of a residence occupied by a probationer pursuant to the probationer's search condition was valid notwithstanding the officer's subjective intent to search for evidence against another occupant. The court explained: "*Whren*'s analysis logically extends, *at the very least*, to a search where . . . the circumstances, viewed objectively, show a possible probation violation that justifies a search of the probationer's house pursuant to a search condition." (*Woods, supra*, at pp. 678–679.) In a footnote, the court further clarified: "[W]e emphasize 'at the very least' because our cases effectively recognize that a search pursuant to a probation search condition may be reasonable and lawful without facts indicating a probation violation . . . ." (*Id.* at p. 679, fn. 6.)

 The court reaffirmed the use of an objective standard in *People v. Sanders* (2003) 31 Cal.4th 318 [2 Cal.Rptr.3d 630, 73 P.3d 496]: "The validity of a search does not turn on 'the actual motivations of individual officers.' [Citation.] But whether a search is reasonable must be determined based upon the circumstances known to the officer when the search is conducted. '[A]lmost without exception in evaluating alleged violations of

the Fourth Amendment the Court has first undertaken an objective assessment of an officer's actions in light of the facts and circumstances then known to him.' " (*Id.* at p. 334.)

■ "[T]here are good reasons to disregard an officer's subjective intent in assessing the validity of a search or seizure. As the Supreme Court emphasized in a case involving the plain view doctrine, 'evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer. The fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure if the search is confined in area and duration by the terms of a warrant or a valid exception to the warrant requirement.' (*Horton v. California* (1990) 496 U.S. 128, 138 [110 S.Ct. 2301, 2308–2309, 110 L.Ed.2d 112] [holding the Fourth Amendment does not prohibit the warrantless seizure of evidence in plain view even though discovery of the evidence was not inadvertent].)" (*People v. Woods, supra,* 21 Cal.4th at p. 680.)

■ In sum, it is apparent that the circumstances known to Walters, viewed objectively, showed a possible violation of that condition of defendant's probation that required him to obey all laws. Armed with that knowledge, Walters could lawfully search in any area of the house or shed that might contain narcotics, firearms, or weapons because defendant no longer possessed a reasonable expectation of privacy in those areas.

■ We recognize that *Woods* cautions that a search pursuant to a probation search clause may not exceed the terms of that clause: "[W]hether the purpose of the search is to monitor the probationer or to serve some other law enforcement purpose, or both, the search in any case remains limited in scope to the terms articulated in the search clause [citation] and to those areas of the residence over which the probationer is believed to exercise complete or joint authority." (*People v. Woods, supra,* 21 Cal.4th at p. 681.) We note however that, immediately prior to the passage above, the court in *Woods* stated: "In the probation search context, an objective standard would discourage the sort of disparate results that might result if the validity of such searches were to turn on the searching officer's subjective intent. For instance, another officer, possessing the same knowledge and faced with the same circumstances as Officer Wielsch, legitimately and convincingly might have testified that she went to Loza's house to determine if Loza was complying with probation, even though she believed that evidence incriminating others might also be found. If subjective intent were the controlling factor, then defendants' suppression motion would not have succeeded even though the officer had conducted her search no differently than Wielsch." (*Id.* at pp. 680–681.)

That is the case here. If Walters had recruited defendant's probation officer that day to conduct a probation search of the house and shed for narcotics, firearms, or weapons and had alerted the probation officer to the possible presence of stolen goods, there can be no question, under the cases cited earlier, that seizure of the stolen goods would have been lawful despite the probation officer's and Walters's subjective intent. That subjective intent cannot transform a search that complies with the Fourth Amendment into one that does not.

Consistent with the objective standard adopted in *Woods*, in order for a search to be limited in scope to the terms of the search clause, it is only necessary that the search not exceed the areas that could be searched pursuant to the clause. For example, a probation condition permitting a search for firearms would only permit a search of areas under the probationer's control where firearms might be found. Even where the officers are searching for something else, as long as the search is confined to areas where firearms might be found, the scope of the search condition has not been exceeded.

"An adult probationer consents to a waiver of his *Fourth Amendment* rights in exchange for the opportunity to avoid serving a state prison sentence. [Citation.] ' "[W]hen [a] defendant in order to obtain probation specifically [agrees] to permit at any time a warrantless search of his person, car and house, he voluntarily [waives] whatever claim of privacy he might otherwise have had." ' " (*People v. Reyes* (1998) 19 Cal.4th 743, 749 [80 Cal.Rptr.2d 734, 968 P.2d 445], italics added.) Having waived his privacy rights with respect to areas where property subject to a search condition might be found, the probationer has no cause to complain when those areas are searched, whatever the reason for the search. The only limitation on this waiver is the right to be free from searches conducted for harassment or in an improper manner. (*Ibid.*)

Defendant does not contend the search by Walters was conducted for harassment or in an improper manner. The owners of an antiques store had reported certain property stolen; Chauncy Washington tried to sell some of the property at another antiques store; Washington identified defendant as the source of the property; and defendant confirmed to Walters that he had some of the stolen property in his garage. Walters determined defendant was on probation and subject to search for, among other things, narcotics. Walters then looked inside the garage, an area where narcotics might be found, and observed the stolen property. Under an objective standard, the search did not exceed the scope of defendant's search condition and it was, therefore, lawful.

## Disposition

The judgment (order) dismissing the information is reversed.

Raye, Acting P. J., and Robie, J., concurred.

A petition for a rehearing was denied July 21, 2005, and respondent's petition for review by the Supreme Court was denied October 12, 2005. Kennard, J., was of the opinion that the petition should be granted.