Filed 9/25/13  P. v. Frias CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL ANGEL FRIAS,<br><br>    Defendant and Appellant. | H038587<br>(Monterey County<br> Super. Ct. No. SS120046) |

### STATEMENT OF THE CASE

An information charged defendant Miguel Angel Frias with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1)), possession of black tar heroin (Health & Saf. Code, § 11350, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), resisting a peace officer (Pen. Code, § 148, subd. (a)(1)), and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)).  Defendant filed a motion to suppress pursuant to Penal Code section 1538.5, and the trial court denied the motion.  Following the denial of the motion, defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possession of a firearm within 10 years of a misdemeanor conviction (Pen. Code, § 29805).  The trial court suspended imposition of sentence and placed defendant on formal probation for a period of three years.

Defendant now appeals from the judgment of conviction, arguing that the trial court erroneously denied his motion to suppress. As set forth below, we will affirm.

## STATEMENT OF THE FACTS[1]

On December 15, 2010, Luis Frias[2] was placed on court probation for a period of three years. The grant of probation included a warrantless search condition.

On January 8, 2012, Salinas Police Department Officer Derek Gibson received an order to conduct a probation search of Luis's residence. Officer Gibson checked three different sources to verify Luis's address: the Salinas Police Department records division, the Sheriff's Department records division, and the website of Monterey County Justice Partners.[3] Each of the three sources listed Luis's current address as 1819 Cherokee Drive, Apartment 4. The records from the Salinas Police Department showed that Luis's address had last been updated on December 3, 2010.

Approximately one hour after he received the order to conduct the probation search, Officer Gibson went to 1819 Cherokee Drive, Apartment 4 with several other officers. When Officer Gibson arrived, he saw several people standing outside of the apartment. One of the individuals identified himself as Luis's cousin, and he told Officer Gibson that Luis had vacated the apartment and recently moved to Colorado. Officer Gibson disregarded the comment about Luis's recent move. Officer Gibson explained, "It is very common when we conduct a parole or probation compliance check that when

---

[1] The facts are derived from the evidence presented at the hearing on the motion to suppress.

[2] Because defendant and Luis Frias share the name Frias, this opinion will refer to Luis Frias as Luis.

[3] Officer Gibson explained that Monterey County Justice Partners is a law enforcement database that includes court records and arrest records.

we're greeted at a door or outside a door that we are lied to and told that the individual is not home or no longer lives there."

Officer Gibson entered the apartment and he saw defendant emerge from a back bedroom. Officer Gibson told defendant that he was there to conduct a probation search. Defendant argued and said that Officer Gibson had no right to be in the apartment. Defendant appeared to be very nervous, and he kept looking towards the back bedroom. Officer Gibson pat searched defendant to determine if defendant possessed any weapons. During the pat search, Officer Gibson felt a glass pipe inside defendant's pocket. Defendant explained that he had a lighter inside his pocket, and he told Officer Gibson that he could retrieve it. Officer Gibson pulled a methamphetamine pipe and a hypodermic syringe out of defendant's pocket.

Officer Gibson proceeded to search the apartment. He found a bindle of black tar heroin and a .22 caliber rifle in a bedroom. He found a bindle of methamphetamine and .22 caliber rifle ammunition in a bathroom.

On cross-examination, Officer Gibson testified that a confidential informant had advised police that an illegal firearm could be found inside 1819 Cherokee Drive, Apartment 4. Officer Gibson emphasized, however, that he went to the apartment to conduct a probation search and not to investigate the information provided by the confidential informant.

Defendant testified that Luis was his nephew, and that Luis had never appeared on the lease agreement for 1819 Cherokee Drive, Apartment 4. Defendant testified that he advised Officer Gibson that Luis had moved out of the apartment.

### DISCUSSION

Defendant contends that the judgment of conviction must be reversed because the search of the apartment was an illegal probation search. Defendant's argument is twofold. First, he contends that Officer Gibson did not have reasonable grounds to

3

believe that Luis lived at 1819 Cherokee Drive, Apartment 4.  Second, he contends that the search of the apartment was unlawful because Officer Gibson "impermissibly used a probation search as a pretext for a criminal investigation into uncorroborated accusations by an informant."

As explained below, we conclude that the address information in the three law enforcement databases provided a reasonable basis for Officer Gibson to believe that Luis lived at 1819 Cherokee Drive, Apartment 4.  We further conclude that any subjective intent harbored by Officer Gibson was irrelevant to the legality of the search.  We therefore will uphold the trial court's denial of the motion to suppress and affirm the judgment of conviction.

### Background:  The Trial Court's Ruling on the Motion to Suppress

Before denying the motion to suppress, the trial court stated:  "[T]he Court does find the officer's testimony to be credible.  I do find that the officer undertook efforts to ascertain where probationer Luis Frias resided.  He checked multiple different sources.  All three sources came back with the same address.  Consequently, the Court will find that the officer had a reasonable belief that Luis Frias resided at the apartment."  The trial court further stated:  "The Court finds that . . . the officers acted reasonably, both in their belief to conduct a probation search as well as in their conduct inside the house.  Unfortunately for . . . the defendant—he was not on probation and he was not on parole.  He had not waived his personal rights to search and seizure.  But having a . . . nephew who had previously resided with him, placed him in the unfortunate position of his nephew listing his address as the nephew's residence and this is how this happened.  [¶] The motion to suppress is respectfully denied."

### Standard of Review

4

" ' "An appellate court's review of a trial court's ruling on a motion to suppress is governed by well-settled principles. [Citations.] [¶] In ruling on such a motion, the trial court (1) finds the historical facts, (2) selects the applicable rule of law, and (3) applies the latter to the former to determine whether the rule of law as applied to the established facts is or is not violated. [Citations.] 'The [trial] court's resolution of each of these inquiries is, of course, subject to appellate review.' [Citations.] [¶] The court's resolution of the first inquiry, which involves questions of fact, is reviewed under the deferential substantial-evidence standard. [Citations.] Its decision on the second, which is a pure question of law, is scrutinized under the standard of independent review. [Citations.] Finally, its ruling on the third, which is a mixed fact-law question that is however predominantly one of law, . . . is also subject to independent review." [Citation.]' " (*People v. Carter* (2005) 36 Cal.4th 1114, 1140.) "All presumptions favor the trial court's exercise of its power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence, ' "and draw factual inferences, and the trial court's findings on such matters, whether express or implied, must be upheld if they are supported by substantial evidence." ' " (*People v. Walker* (2012) 210 Cal.App.4th 1372, 1380.)

***The Trial Court Properly Denied the Motion to Suppress***

"In California, probationers may validly consent in advance to warrantless searches in exchange for the opportunity to avoid service of a state prison term." (*People v. Woods* (1999) 21 Cal.4th 668, 674.) " 'It is settled that where probation officers or law enforcement officials are justified in conducting a warrantless search of a probationer's residence, they may search a residence reasonably believed to be the probationers. [Citations.] [T]he question of whether police officers reasonably believe an address to be a probationer's residence is one of fact, and we are bound by the finding of the trial court,

be it express or implied, if substantial evidence supports it.' " (*People v. Downey* (2011) 198 Cal.App.4th 652, 658 (*Downey*).)

Here, the trial court expressly found that Officer Gibson reasonably believed that Luis resided at 1819 Cherokee Drive, Apartment 4. This finding was supported by substantial evidence. Officer Gibson testified that he checked three different law enforcement databases in order to ascertain Luis's address. Officer Gibson further testified that each of the databases specified that Luis resided at 1819 Cherokee Drive, Apartment 4. Thus, Officer Gibson's determination that Luis lived at 1819 Cherokee Drive, Apartment 4 was certainly reasonable. (See *Downey, supra,* 198 Cal.App.4th at p. 659 [where utility bills and a telephone record showed that probationer lived at the residence, officers had reasonable cause to believe probationer lived there even though databases provided differing addresses for the probationer ].) Although defendant and Luis's cousin told Officer Gibson that Luis no longer lived at the apartment, these comments did not negate the reasonableness of Officer Gibson's belief that Luis resided at the apartment. Because Officer Gibson testified that it was "very common" for individuals to lie to officers about the residency of a probationer, it was not unreasonable for Officer Gibson to maintain his belief that Luis lived at the apartment. (See *id.* at p. 656, 659 [officers' belief that probationer lived at the residence was reasonable, despite defendant's comment that probationer had moved out and property manager's comment that she did not know whether probationer lived at the residence].) Accordingly, we conclude that there was substantial evidence that Officer Gibson reasonably believed that Luis lived at 1819 Cherokee Drive, Apartment 4. We therefore must uphold the trial court's determination that Officer Gibson was authorized to conduct a warrantless probation search at the apartment.

Defendant contends that the address information in the law enforcement databases was "stale" because Luis had not updated it in 13 months, and that Officer Gibson was

therefore precluded from relying on the databases in determining Luis's address.  In support of this argument, defendant cites *People v. Hulland* (2003) 110 Cal.App.4th 1646 (*Hulland*).)

*Hulland* held that a search warrant was not supported by probable cause because "it was based on information that had grown stale by the time the warrant was issued." (*Hulland, supra,* 110 Cal.App.4th 1646, 1653.)  *Hulland* reasoned, "Information that is remote in time may be deemed stale and thus unworthy of consideration in determining whether an affidavit for a search warrant is supported by probable cause."  (*Id.* at p. 1652.)

Defendant's reliance on *Hulland* is unavailing.  *Hulland* considered the validity of a search warrant, not the lawfulness of a probation search.  " 'It is axiomatic,' of course, 'that cases are not authority for propositions not considered.' "  (*People v. Jones* (1995) 11 Cal.4th 118, 123, fn. 2.)  Thus, *Hulland's* discussion of staleness is inapplicable to our determination of the legality of the probation search here.  Moreover, it would belie common sense for us to adopt the staleness argument put forth by defendant.  Defendant contends that the address information in the law enforcement databases was unreliable— and thus could not be trusted when determining the address at which to conduct Luis's probation search—because Luis had failed to recently update the information.  If we were to follow defendant's approach, a probation search of a residence could be deemed unlawful whenever a probationer failed to timely update his address with law enforcement agencies.  Such an approach would give probationers an incentive to not update their addresses.  We decline to provide such an incentive.

Finally, we conclude that defendant's pretext argument is meritless.  Contrary to defendant's assertion, the evidence failed to establish any pretext.  Officer Gibson specifically testified that he went to the apartment "to conduct a probation compliance check," not to investigate information provided by a confidential informant.

7

Furthermore, even if Officer Gibson was actually motivated by a desire to investigate the informant's tip, such subjective intent is irrelevant to our analysis. "[B]oth the California Supreme Court and the United States Supreme Court have squarely determined that the officer's subjective intent has no role to play in determining the lawfulness of a probation or parole search." (*People v. Gomez* (2005) 130 Cal.App.4th 1008, 1015.)

For the foregoing reasons, we conclude that the trial court properly denied defendant's motion to suppress. We accordingly affirm the judgment of conviction.

**DISPOSITION**

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

8