FRANK MUNGER *v.* STATE OF MARYLAND

[No. 25, September Term, 1969.]

*Decided October 3, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Neil J. Lewis* (*Donald S. Lebowitz* on brief) for appel-
lant.

*Clarence W. Sharp, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Charles
E. Moylan, Jr., State's Attorney for Baltimore City,* and
*Michael E. Kaminkow* and *Phillip E. Epstein, Assistant
State's Attorneys for Baltimore City,* on the brief, for
appellee.

PER CURIAM.

The appellant was convicted of the possession of nar-
cotic paraphernalia at a court trial and sentenced to five
years.

On appeal he contends:

    I Evidence was admitted in error as obtained
      by an unreasonable search;
   II The evidence was not sufficient to sustain the
      conviction.

I

During trial the appellant moved to suppress the evi-
dence. Evidence adduced on the issue was that John H.
Hennessey of the Baltimore City Police Department re-
ceived information from Norma Carter and Charles
Carter, her brother, that Miss Carter's house had been
broken and entered and that her television set had been
stolen. Charles Carter said he had seen "two white males
and a colored male" take the set into 643 South Paca

Street, about a half a block from the Carter house. Hennessey and another officer went to 643 South Paca Street and from an alleyway Hennessey saw two white males and a colored male on the premises "in the room above to the right of the entrance, of the side entrance, to the house. * * * I stood there for a few minutes and watched them up there having a conversation, and I was about to knock on the door when the colored male and the white fellow came downstairs and come out the door." The white man (identified at trial by the officer as the appellant) identified himself as Frank Munger, "the occupant of the apartment that was upstairs * * * I explained to them what I was looking for." The appellant said, "I have the key, it is my apartment, I will take you up there." The officer testified, "Mr. Munger then proceeded to open the front door and take us up, take me upstairs to look for the television set, went upstairs and I walked into the room, on a little table by the side was this narcotic paraphernalia in clear view sitting right there * * * I saw three burnt bottle caps, one improvised syringe, two disposable syringes, one improvised syringe and a hypodermic needle attached, containing some fluid. Then identified two hypodermic needles and one piece of rubber tubing." The officer seized it. The third man was discovered hiding underneath a bed in the front bedroom. The television set was not found.

On the testimony of Hennessey the lower court could properly find that the officer was lawfully on the premises, that no search as to the narcotic paraphernalia was made, it being in plain view, see *Minnick v. State,* 4 Md. App. 81, and that being contraband [1] its seizure was reasonable. The court was not required to believe the denials or explanations of the appellant. *Elder v. State,* 7 Md. App. 368. *Miranda v. Arizona,* 384 U. S. 436 is not

---

1. We note that the distinction between items of only evidential value and contraband, instrumentalities or fruits of a crime is no longer accepted as being required by the 4th amendment. *Warden v. Hayden,* 387 U. S. 294; *Huber v. State,* 2 Md. App. 245.

applicable. *Morgan v. State,* 2 Md. App. 440, 443; *Lamot v. State,* 2 Md. App. 378, 385.

## II

On the general issue there was testimony by Detective Charles Porter assigned to the Narcotic Unit of the Baltimore City Police Department that, from his experience gained during three years and nine months in the Narcotic Unit, the evidence seized was used to inject habit forming drugs. At the close of the evidence the court requested the State and the defense to investigate the appellant's occupancy of the premises and held the verdict *sub curia.* When trial was resumed about six weeks later it was stipulated that the owner of the property would testify that the apartment, consisting of the entire floor of the building, was rented to the appellant, that the rent was collected only from the appellant and no one else but that when he went to the apartment there were always numerous people there, "anywhere from 10 to 12 individuals."

The appellant now argues that the court erred in requesting this additional evidence. But he made no objection and agreed to the stipulation. Md. Rule 1085. In any event, the request for additional evidence was within the discretion of the trial court. See *Bacheller v. State,* 3 Md. App. 626, 637; *Boone v. State,* 2 Md. App. 80, 99.

The court found as a fact that the room in which the evidence was seized was rented and occupied by the appellant, not believing the appellant's assertion that he rented the room to someone else and that the paraphernalia was the appellant's. We cannot say that this judgment on the evidence was clearly wrong. Md. Rule 1086. We note that we have defined "possession" as "the act or condition of having in or taking into one's control or holding at one's disposal." *Williams and Williams v. State,* 7 Md. App. 5. And we have said that possession need not be immediate and direct; there may be constructive possession. *Broadway v. State,* 3 Md. App. 164. Sole possession is not required; there may be joint possession

714

in several persons; *Rucker v. State,* 196 Md. 334, nor is it necessary to prove ownership in the sense of title, *Peachie v..State,* 203 Md. 239. See *Haley et al v. State,* 7 Md. App. 18.

*Judgment affirmed.*