[No. G031342. Fourth Dist., Div. Three. Feb. 4, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY ANDREW GALLAND, Defendant and Appellant.

## COUNSEL

Jackie Menaster, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Holley A. Hoffman and Maxine P. Cutler, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

O'LEARY, J.—Anthony Andrew Galland pleaded guilty to drug charges after the trial court denied his motion to suppress evidence seized pursuant to a search warrant based on information furnished by a confidential informant. At the request of police, a magistrate had sealed the affidavit supporting the warrant in order to protect the informant's identity. When Galland moved to discover the sealed materials, traverse and quash the warrant, and suppress the evidence obtained from the purportedly illegal search, the trial court proceeded to rule on (and deny) these defense motions *without* first conducting an in camera review of the sealed materials.

The trial court's refusal to conduct the in camera review was a clear abuse of discretion under *People v. Hobbs* (1994) 7 Cal.4th 948 [30

Cal.Rptr.2d 651, 873 P.2d 1246] (*Hobbs*). Consequently, we reverse the order denying these defense motions, and conditionally reverse the judgment to allow the court to conduct in camera proceedings in accordance with the guidelines set forth in *Hobbs*.

### FACTS

On August 9, 2001, a trial court judge issued a search warrant based on Detective David Hankins's affidavit of support for a probable cause finding that methamphetamine and items tending to establish sales of methamphetamine would be found on Galland's person, and in his mobile home and vehicle. That evening, Hankins and other officers stopped Galland while he was driving away from his residence. They arrested him after finding methamphetamine on his person and in his car trunk.

Several hours later, the officers executed the search warrant at Galland's mobile home. After knocking, announcing their presence, and demanding entry three times, Hankins heard retreating footsteps within, about 25 feet away from the door. He ordered the door be broken down with a ram. Officers then entered and searched the home. They found methamphetamine and marijuana, evidence of drug sales activities, and guns.

On August 17, Hankins returned the search warrant, affidavit, and inventory list to a different judge. Hankins requested an order sealing that portion of the search warrant affidavit that contained the probable cause showing. In support of the sealing request, Hankins averred that "[i]f any of the information within the requested sealed affidavit is made public, it will reveal or tend to reveal the identity of any confidential informant(s), impair future related investigations and endanger the life of the confidential informant(s)." The court granted the request and directed that the sealed portion of the warrant be secured in the Buena Park Police Department property room.

On May 14, 2002, Galland moved for discovery of the sealed statement of probable cause. The trial court denied the request. On June 28, Galland moved "for an order to inspect the sealed affidavit"; "an order unsealing any or all of the sealed affidavit that is no longer privileged"; "an order quashing or traversing" the search warrant; and an order suppressing the evidence seized pursuant to the challenged warrant.

In the moving papers, and at the hearing on the motion, Galland's attorney specifically requested that the court conduct an in camera review of the sealed warrant materials and have a sealed transcript of the in camera proceedings prepared and retained for appellate review, citing *Hobbs, supra*, 7 Cal.4th 948. The People opposed the request for in camera review on the

ground Galland had failed to make the necessary "preliminary showing" to justify such review. After oral argument, and an evidentiary hearing on a knock-notice issue raised by Galland, the trial court denied Galland's motion "in its entirety."

Pursuant to a plea agreement, Galland subsequently pleaded guilty to, and was convicted of, in count one the sale or transportation of methamphetamine, and in count two the possession for sale of methamphetamine. Galland also admitted he was personally armed with a firearm in counts one and two, and had served five separate prior prison terms. The court sentenced Galland to five years in prison, comprised of two years for transportation of a controlled substance in count one and a consecutive three-year term for the armed enhancement. The court stayed the sentence on count two and struck for sentencing purposes the prior enhancements.

## DISCUSSION

Although Galland raises several claims of trial court error, one stops this appeal in its tracks. As we explain below, the trial court manifestly abused its discretion in failing to examine in camera the sealed affidavit of probable cause before ruling on the motions to quash or traverse the warrant. Reversal of the order denying those motions, and conditional reversal of the judgment, is required so the trial court can consider the motions again, this time in light of the one document essential to their proper determination—the affidavit.

In *Hobbs, supra,* 7 Cal.4th 948, the California Supreme Court held "that all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege [of nondisclosure of an informant's identity (Evid. Code, § 1041)] and protect the identity of a confidential informant." (*Hobbs, supra,* 7 Cal.4th at p. 971.) The high court recognized that when a criminal defendant challenges the validity of a search warrant supported by a sealed affidavit, two significant, competing interests directly collide. These interests are "the public need to protect the identities of confidential informants" on the one hand, and on the other, "a criminal defendant's right of reasonable access to information upon which to base a challenge to the legality of a search warrant." (*Id.* at p. 957.)

The *Hobbs* court held that a "fair balance" between these conflicting interests can be struck and, more particularly, the defendant's due process right to relevant information can be protected, if the trial court utilizes an in camera review procedure. (*Hobbs, supra,* 7 Cal.4th at p. 972.) The court went on to set forth specific guidelines for a trial court to follow when presented with a motion challenging a search warrant supported by a sealed affidavit. Unfortunately, the trial court here completely ignored all these directives.

In *Hobbs*, the Supreme Court instructed that "[o]n a properly noticed motion by the defense seeking to quash or traverse the search warrant, the lower court should conduct an in camera hearing" at which "[i]t must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs, supra*, 7 Cal.4th at p. 972, fn. omitted.)

In the event the trial court finds the affidavit "to have been properly sealed," it must then consider in camera the motions to traverse and quash. (*Hobbs, supra*, 7 Cal.4th at p. 974.) In ruling on the motion to traverse, the court must "determine whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit, including any testimony offered at the in camera hearing. . . . [¶] If the trial court determines that the materials and testimony before it do not support defendant's charges of material misrepresentation, the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse. [Citations.]" (*Ibid.*)

Conversely, if "the court determines there is a reasonable probability that defendant would prevail on the motion to traverse . . . the district attorney must be afforded the option of consenting to disclosure of the sealed materials, in which case the motion to traverse can then proceed to decision with the benefit of this additional evidence, and a further evidentiary hearing if necessary [citations], or, alternatively, suffer the entry of an adverse order on the motion to traverse. [Citation.]" (*Hobbs, supra*, 7 Cal.4th at pp. 974–975.)

A like procedure is involved in determining the motion to quash. "If the court determines, based on its review of all the relevant materials, that the affidavit and related materials furnished probable cause for issuance of the warrant under *Illinois v. Gates* [(1983)] 462 U.S. 213 [76 L.Ed.2d 527, 103 S.Ct. 2317], the court should simply report this conclusion to the defendant and enter an order denying the motion to quash. [Citations.] If, on the other hand, the court determines, based on its review of all relevant materials and any testimony taken at the in camera hearing, that there is a reasonable probability the defendant would prevail on his motion to quash the warrant[,] . . . then the district attorney must be afforded the opportunity to consent to disclose the sealed materials to the defense . . . or, alternatively, suffer the entry of an order adverse to the People on the motion to quash the warrant. [Citation.]" (*Hobbs, supra*, 7 Cal.4th at p. 975.)

The Supreme Court's final directive was unequivocal: "In all instances, a sealed transcript of the in camera proceedings, and any other sealed or

excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review. [Citations.]" (*Hobbs, supra*, 7 Cal.4th at p. 975.)

In the present case, it is quite clear from the record that the trial court did not engage in any in camera review in connection with Galland's motions challenging the validity of the search warrant.[1] There is no minute order reflecting such an in camera hearing occurred, nor is there any sealed transcript from an in camera hearing related to the search issues. Even more telling, the sealed affidavit itself is not part of the record on appeal. We can only conclude from this omission that the trial court never even looked at the affidavit, much less engaged in the *Hobbs*-mandated careful analysis of the sealing issues and other questions raised by Galland's motions to traverse and quash the search warrant.

The People put forth two arguments to defeat Galland's request for reversal and remand for the in camera review required by *Hobbs*. First, they assert Galland waived the issue of in camera review by failing to raise it adequately in the trial court. Second, they argue Galland failed to make a preliminary showing justifying in camera review. Neither contention has merit.

In arguing waiver, the People point out that Galland's motion to quash/traverse the search warrant "was based on grounds other than unsealing the search warrant affidavit." They assert the warrant was challenged for various procedural irregularities (the magistrate's failure to make note of the number of pages of the affidavit, to initial each page of the affidavit, or to order it filed with the court clerk) and for the alleged inadequacy of the knock-notice procedures followed by police. Though Galland's motion did raise numerous issues, prominent among these was the need for in camera review of the search warrant affidavit, and for preparation of a sealed transcript of the in camera proceedings. The demand for such review was explicitly renewed at the hearing on the motion. We find no waiver.

As for Galland's failure to make a "preliminary showing" to justify in camera review, *Hobbs* specifically ruled out any such requirement. In a

---

[1] At the hearing on the motions to traverse/quash the warrant, the trial court made no reply to defense counsel's explicit oral request that the court "read the sealed affidavit in chambers." After defense counsel concluded his argument, the court simply stated, "I read all your motions. [¶] People want to be heard?" The People submitted. The court then proceeded directly to the evidentiary phase of the hearing, which concerned the defense claim of inadequate knock-notice in the execution of the search warrant. At the conclusion of the testimony, the People again submitted on the "paperwork," and the court announced its ruling as follows: "Discrepancy in the testimony is resolved in favor of law enforcement as opposed to a convicted criminal defendant in the same case. [¶] In that regard the motion in its entirety, unless there's other argument shall be denied. And that concludes our 1538.5."

footnote, the court stated that where "*all or a major portion of the search warrant affidavit* has been sealed in order to preserve the confidentiality of the informant's identity, a defendant cannot reasonably be expected to make even the 'preliminary showing' required for an in camera hearing under [*People v.*] *Luttenberger* [(1990) 50 Cal.3d 1 [265 Cal.Rptr. 690, 784 P.2d 633]]. For this reason, where the defendant has made a motion to traverse the warrant under such circumstances, the court should treat the matter as if the defendant has made the requisite preliminary showing required under this court's holding in *Luttenberger*." (*Hobbs, supra,* 7 Cal.4th at p. 972, fn. 6.)

The trial court had no discretion to forgo the in camera review necessitated by Galland's motion to discover the sealed materials and to traverse or quash the warrant. Consequently, we must remand the case to the trial court for a new consideration of Galland's motions to discover the sealed materials, traverse or quash the summons, and suppress evidence, this time in compliance with the dictates of *Hobbs*, as set forth in that opinion at 7 Cal.4th at pages 972–975. We particularly emphasize the need for a sealed reporter's transcript of the in camera proceedings to facilitate any further appellate review.

Our conditional reversal of the judgment does not entitle Galland to withdraw his guilty plea. Whether or not Galland is ultimately able to do so depends on the outcome of the proceedings in the trial court. If, on remand, after conducting the in camera review, the trial judge determines the search warrant was improperly issued and the challenged evidence must be suppressed, then Galland must "be given the option of setting aside his plea and admission and proceeding to trial." (*People v. LeBlanc* (1997) 60 Cal.App.4th 157, 169–170 [70 Cal.Rptr.2d 195], citing *People v. Hill* (1974) 12 Cal.3d 731, 768–770 [117 Cal.Rptr. 393, 528 P.2d 1], disapproved on another point in *People v. DeVaughn* (1977) 18 Cal.3d 889, 895, fn. 5 [135 Cal.Rptr. 786, 558 P.2d 872].) If the trial court denies the motions to traverse and quash the warrant, then Galland remains bound by his guilty plea.

In the event the trial court denies the motions to traverse or quash the warrant, the court can simply reinstate the judgment. Galland is then entitled to appeal from that judgment and from the orders that result from the in camera proceedings. In that subsequent appeal, Galland can renew his additional claims of error on which we presently defer ruling, to wit, the trial court's failure to retain at least a copy of the sealed affidavit in its files, and the sufficiency of the knock-notice given by police when executing the search warrant.

One final note. Galland and the People agree the abstract of judgment is incorrect. It fails to reflect the trial court's order at the sentencing hearing to

stay the sentence on count 2, and to strike the prior enhancements for sentencing purposes only. On remand, the trial court should make these corrections in the event the judgment is reinstated.

## DISPOSITION

The order denying the motions to discover the sealed materials, traverse or quash the warrant, and suppress evidence is reversed. The judgment is conditionally reversed to allow the trial court to proceed as directed in the body of this opinion.

Rylaarsdam, Acting P. J., and Moore, J., concurred.