Filed 10/5/16  P. v. Alvear CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LINO ALVEAR<br><br>    Defendant and Appellant. | B264603<br><br>(Los Angeles County<br>Super. Ct. No. BA427935) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert Vanderet, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant Lino Alvear.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Abtin Amir, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Lino Alvear appeals a judgment convicting him of possession for sale of cocaine, a controlled substance (Health & Saf. Code, § 11351).  The evidence against defendant was seized pursuant to a search warrant based upon information provided by a confidential informant (CI) and contained in the sealed portion of the supporting affidavit.  Defendant's motion to unseal, quash and traverse the search warrant under *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*) was denied after the trial court reviewed the sealed portion of the affidavit in camera.  Defendant challenges the denial of his motion to unseal, quash and traverse.  We affirm.

**FACTUAL AND PROCEDURAL SUMMARY**

On July 17, 2014, Officer Bill Wilson and more than a dozen other officers of the Los Angeles Police Department (LAPD) executed a search warrant at an apartment on West 60th Street in Los Angeles.  The officers forced entry after defendant answered the door but said he was unable to open the security screen door.  When the officers entered the apartment, defendant and his fiancée were present in the living room and their five young children were elsewhere in the residence.

Officer Wilson searched the closets in the living room and found an unlocked plastic gun case containing a .45-caliber semiautomatic pistol and a loaded magazine.  Officers also found additional boxes of ammunition, jewelry and $852 in cash.  In the kitchen, officers discovered an Ajax can with a false bottom containing 27 plastic baggies of cocaine totaling 5.82 grams.  Another baggie containing cocaine was found in defendant's vehicle.  After receiving *Miranda*[1] warnings and waiving his rights, defendant told officers that he bought a large quantity of cocaine for personal use.  also told officers that the firearm found in his closet was registered in his name and that he kept it to protect himself and his family.

The warrant authorizing the search of defendant's home was obtained based on the affidavit of Officer Wilson, which included a "Confidential Attachment" that was sealed by the magistrate in order to protect the identity of a CI.  The unsealed portion of the

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436.

affidavit describes Officer Wilson's professional background, training and experience. It also describes how LAPD surveillance of the defendant's home confirmed that he lived at the specified address and drove a particular vehicle. The unsealed portion of the affidavit merely states that Officer Wilson "used Department resources to investigate" the defendant. The sealed portion contains information regarding the CI's background and experience working with law enforcement on prior narcotics investigations. It also contains detailed information about the defendant and contraband alleged to be in his possession.

Defendant moved to unseal, quash and traverse the warrant and to suppress the seized evidence pursuant to *Hobbs*, *supra*, 7 Cal.4th 948. On October 27, 2014, the trial court indicated that the parties were present in court to hear defendant's motion to quash and traverse under *Hobbs*. The court stated: "I have reviewed the sealed portion of the warrant. I find that it was properly sealed, and the motion to unseal is denied. I also find that there is sufficient cause for issuance of the warrant, and there is no basis for me to grant the motion to traverse." The court accordingly denied defendant's motion to unseal, quash and traverse.

On April 7, 2015, the Los Angeles County District Attorney's Office filed an amended information charging defendant with possession for sale of a controlled substance (Health & Saf. Code, § 11351) with a special allegation that he committed the offense while personally armed with a firearm (Pen. Code, § 12022, subd. (c)). Defendant pled not guilty and denied the special allegation.

Following a bench trial, the court found defendant guilty of possession for sale of a controlled substance, but found the allegation regarding the firearm to be not true. The court suspended the imposition of sentence and placed defendant on three years formal probation with credit for one day of county jail. Defendant also was ordered to perform 60 days of Caltrans service and pay various assessments and fines. Defendant filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant contends that *Hobbs* requires this court to "conduct an independent review of the sealed in camera proceedings and search warrant affidavit" to determine whether the affidavit was properly sealed, contains material false statements or omissions, and establishes probable cause to support the issuance of the search warrant. Respondent agrees that such review is appropriate. After reviewing the sealed portion of the affidavit, and for the reasons discussed below, we conclude the trial court properly denied defendant's motion to unseal, quash and traverse the search warrant.

*The Hobbs Procedure*

The common law informant's privilege is codified in Evidence Code section 1041,[2] which provides that a public entity may refuse to disclose the identity of a police informant if disclosure would be against the public interest. The statute further provides that when a search warrant is valid on its face, a public entity bringing a criminal proceeding may establish the legality of the search without revealing to the defendant any official information or an informant's identity. (§ 1042, subd. (b).)

In *Hobbs*, our Supreme Court "conclude[d] that, taken together, the informant's privilege (§ 1041) . . . and the codified rule that disclosure of an informant's identity is not required to establish the legality of a search pursuant to a warrant valid on its face (§ 1042, subd. (b)) compel a conclusion that all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege and protect the identity of a confidential informant." (*Hobbs*, *supra*, 7 Cal.4th at p. 971.) The court also recognized and addressed "the inherent tension between the public need to protect the identities of confidential informants, and a criminal defendant's right of reasonable access to information upon which to base a challenge to the legality of a search warrant." (*Id.* at p. 957.)

When a search warrant affidavit has been fully or partially sealed, *Hobbs* prescribes certain procedures in order to "strike a fair balance between the People's right

---

[2] All further undesignated statutory references are to the Evidence Code, unless otherwise specified.

4

to assert the informant's privilege and the defendant's discovery rights." (*Hobbs*, *supra*, 7 Cal.4th at p. 972; see also *People v. Galland* (2008) 45 Cal.4th 354, 363-365 (*Galland II*) [describing *Hobbs* procedure].)  The court in *Hobbs* instructed that "[o]n a properly noticed motion by the defense seeking to quash or traverse the search warrant, the lower court should conduct an in camera hearing" pursuant to section 915, subdivision (b)[3] and *People v. Luttenberger* (1990) 50 Cal.3d 1, 20-24.[4]  (See *Hobbs*, at p. 972.)  "The prosecutor may be present at the in camera hearing; defendant and his counsel are to be excluded unless the prosecutor elects to waive any objection to their presence." (*Id*. at p. 973.)  However, the court should afford defense counsel "the opportunity to submit written questions, reasonable in length, which shall be asked by the trial judge of any witness called to testify at the proceeding." (*Ibid*.)

At the in camera hearing, the trial court must first determine whether the affidavit was properly sealed.  (*Hobbs*, *supra*, 7 Cal.4th at p. 972.)  "It must first be determined

---

[3]  Section 915, subdivision (b) provides that when a court is ruling on an informant's privilege claim under sections 1041 and 1042 and is unable to do so without requiring disclosure of the assertedly privileged material, it may conduct an in camera hearing where the information is disclosed to the court.

[4]  In *Luttenberger*, the defendant challenged the veracity of factual statements in a search warrant affidavit that was based on information provided by a CI. (*People v. Luttenberger*, *supra*, 50 Cal.3d at p. 8.)  Defendant sought a *Franks* hearing (*Franks v. Delaware* (1978) 438 U.S. 154) to determine whether the affidavit included false statements, but because the identity of the CI was unknown, defendant was unable to make the "'substantial preliminary showing' that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" (*Luttenberger*, at p. 10; quoting *Franks*, at p. 156.)  In order to implement *Franks* in cases involving a CI, *Luttenberger* relaxed the preliminary showing requirement and established an in camera review and discovery procedure. (See *Luttenberger,* at pp. 21-24).  The defendant must offer evidence that casts a reasonable doubt on the veracity of statements made by the affiant, and must raise a substantial possibility that the allegedly false statements were material to the probable determination. (*Id*. at pp. 21-23.)  If this preliminary showing is satisfied, the trial court should then conduct an in camera review of the police records specified by the defendant to determine whether they support the allegations of material misrepresentations or omissions. (*Id*. at p. 24.)

whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Ibid.*) If the court "finds that any portion of the affidavit sealed by the magistrate can be further redacted, and the remaining excerpted portion made public without thereby divulging the informant's identity, such additional limited disclosure should be ordered." (*Id.* at p. 972, fn. 7.)

If the trial court determines the affidavit was properly sealed, it then must consider defendant's motion to traverse and quash based on "the public and sealed portions of the search warrant affidavit, including any testimony offered at the in camera hearing." (*Hobbs*, *supra*, 7 Cal.4th. at p. 974.) In ruling on the motion to traverse, the court must determine whether "the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard of the truth,' and [whether] 'the allegedly false statement is necessary to the finding of probable cause.'" (*Ibid.*, quoting *Franks v. Delaware*, *supra*, 438 U.S. at pp. 155-156.) In ruling on the motion to quash, the trial court must determine whether the affidavit furnished probable cause for the issuance of the warrant, that is, "whether, under the 'totality of the circumstances' . . . there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant." (*Id.* at p. 975, quoting *Illinois v. Gates* (1983) 462 U.S. 213, 238.) If the court determines there is a "reasonable probability" that the defendant will prevail on the motion to traverse or quash, the prosecutor must either disclose the sealed materials to the defense or suffer the entry of an adverse order on the motion. (*Id.* at pp. 974-975.)

Because the defendant will be ignorant of the content of the sealed portions of the affidavit, the court "must take it upon itself both to examine the affidavit for possible inconsistencies or insufficiencies regarding the showing of probable cause, and inform the prosecution of the materials or witnesses it requires." (*Hobbs*, *supra*, 7 Cal.4th at p. 973.) These "materials will invariably include such items as relevant police reports and other information regarding the informant and the informant's reliability." (*Ibid*.)

6

The court "may, in its discretion, find it necessary and appropriate to call and question the affiant, the informant, or any other witness whose testimony it deems necessary to rule upon the issues. [Citations.]" (*Ibid*.) Finally, the court noted that "[i]n all instances, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review. [Citations.]" (*Id.* at 975.)

*Standard of Review*

Citing *Hobbs*, defendant asserts we must conduct an "independent review" of the sealed record and review the trial court's denial of his motion to unseal, quash and traverse de novo. Respondent agrees that independent review of the sealed materials is appropriate, but maintains that *Hobbs* prescribes an abuse-of-discretion standard of review. The parties' disagreement is understandable because the standard under *Hobbs* is unclear. Our Supreme Court concluded the "trial court acted within its sound discretion in conducting its own in camera review of the sealed materials . . . and in thereafter denying defendant's motions to traverse and quash the search warrant." (*Hobbs*, *supra*, 7 Cal.4th at p. 976.) However, the court also wrote: "We conclude, based on our review of the record and sealed materials, that it was not reasonably probable defendant could prevail on her motions to traverse or quash the search warrant." (*Id.* at p. 977.)

We believe *Hobbs* is best understood to prescribe an abuse-of-discretion standard to procedural aspects of the in camera review process. Clearly, the trial court must at least review the sealed affidavit, determine whether the document was properly sealed, and analyze the questions raised by defendant's motions to quash and traverse. (See *People v. Galland* (2004) 116 Cal.App.4th 489, 490 (*Galland I*) [holding that "[t]he trial court's refusal to conduct the in camera review was a clear abuse of discretion under [*Hobbs*]"].) However, the scope and handling of the in camera review process are matters left to the trial court and reviewed for abuse of discretion. (See *Hobbs*, *supra*, 7 Cal.4th at pp. 973, 976.)

When it comes to the substantive issue of whether the trial court properly denied defendant's motions, our review is effectively de novo. *Hobbs* suggests we review the

7

record and sealed materials in order to make the same determination as the trial court: whether there is a "reasonable probability" that defendant could prevail on the motion to quash or traverse. (*Hobbs*, *supra*, 7 Cal.4th at pp. 974, 977.) This analysis depends on the respective legal standards for each motion. Because both of these motions serve to attack the search warrant in order to suppress the seized evidence, the standard of review that applies to a suppression motion is instructive: "When reviewing the grant or denial of a motion to suppress, an appellate court must uphold the trial court's express or implied findings of fact if the facts are supported by substantial evidence. However, we use our independent judgment to determine whether those facts establish probable cause." (*People v. Mikesell* (1996) 46 Cal.App.4th 1711, 1716; see also *People v. Leyba* (1981) 29 Cal.3d 591, 597.) Where, as here, the trial court reviewed a sealed affidavit in camera, and there are no findings of fact, we necessarily review the information in the sealed record independently, and apply the relevant legal standard de novo. (See *People v. Martinez* (2005) 132 Cal.App.4th 233, 241 [holding that the trial court properly denied defendant's motion to unseal the warrant affidavit after an "independent review" of the record and sealed materials and determining "there is no reasonable possibility defendant could prevail on his motion"].)

*Analysis*

After conducting an independent review of the public and sealed portions of the search warrant affidavit, we conclude the trial court properly denied defendant's motion to unseal, quash and traverse the search warrant. The trial court appears to have made this determination solely based on its own in camera review of the sealed portion of the affidavit. There is no indication in the public or sealed portions of the record that the trial court convened an in camera hearing to question the prosecutor, Officer Wilson, or the CI.[5] Nor is there any indication that the trial court requested any additional materials

---

[5] Defense counsel appears to believe that the trial court conducted an in camera hearing and a sealed transcript of such a proceeding is available in the record on appeal. The People note that "consistent with *Hobbs*, it appears that the trial court held an in

8

such as police reports or other information regarding the CI.

We are satisfied that an in camera review of the sealed record was sufficient in this case, and the trial court did not abuse its discretion in forgoing questioning the prosecutor, affiant, CI, or any other witness. Although some courts have referred to the in camera hearing as "required" under *Hobbs*,[6] we do not read the opinion to affirmatively mandate a formal testimonial hearing in every case. On one hand, *Hobbs* suggests that an in camera hearing is generally required to conduct the necessary review. After describing the hearing procedure, the court noted that "[i]n *all instances*, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record . . . ." (*Hobbs*, *supra*, 7 Cal.4th at p. 975, italics added.) Nevertheless, *Hobbs* stated only that the trial court "should" conduct a hearing under the guidelines set forth in section 915, subdivision (b) and *Luttenberger*, *supra*, 50 Cal.3d at pages 20 to 24. (*Hobbs*, *supra*, at p. 972.) *Hobbs* also stressed that the trial court has "discretion" regarding whether it is "necessary and appropriate to call and question the affiant, the informant, or any other witness whose testimony it deems necessary to rule upon the issues." (*Id.* at p. 973; see also *Luttenberger*, *supra*, at p. 21 ["[W]hether to convene an in camera examination or to order discovery will remain a matter within the trial court's discretion. [Citations.]"].) In this case, we conclude the trial court did not abuse its discretion in determining that a formal in camera hearing was unnecessary. (Cf. *Galland I*, *supra*, 116 Cal.App.4th at p. 495 [holding that the trial court had "no discretion to forgo the in camera review" required by *Hobbs*, but noting that the trial judge had not reviewed the sealed portion of the warrant affidavit nor was the sealed

camera hearing and/or reviewed the public and sealed materials supporting the search warrant in chambers."

[6] In *Martinez*, the court noted that "[i]n cases where all or part of a search warrant affidavit has been sealed and the defendant moves to traverse and quash the warrant, the court is *required* to conduct an in camera hearing . . ." (*Martinez*, *supra*, 132 Cal.App.4th at p. 240, italics added.) However, whether *Hobbs* requires an in camera hearing in every case was not at issue in *Martinez*, and the opinion contains no discussion on this matter beyond a brief summary of the *Hobbs* procedure. (See *id.* at pp. 240-242.)

document part of the record on appeal].)

Based upon our independent review of the sealed portion of the affidavit, we also find the trial court properly denied defendant's motion to unseal, quash and traverse the search warrant. First, we agree with the trial court that the confidential attachment to the affidavit was properly sealed since information in the sealed document, if disclosed, could reveal the identity of the CI. It was not possible for the court to provide a redacted version of the sealed document without putting the CI in jeopardy because the defendant could have discerned his or her identity based on the facts surrounding the information and the circumstances under which the information was gathered. Thus, the trial court did not err in denying defendant's motion to unseal the affidavit.

Second, based on our review of the sealed portion of the affidavit, we conclude there is no reasonable probability that defendant would have prevailed on his motion to quash or traverse. With regard to the motion to traverse, the sealed document contains no inconsistencies or insufficiencies indicating that the affiant included a false statement made "knowingly and intentionally, or with reckless disregard of the truth" that was "necessary to the finding of probable cause." (*Franks*, *supra*, 438 U.S. at pp. 155-156.) Rather, information in the declaration was verified through police surveillance and the fruitful search of his residence when the warrant was executed. The trial court therefore correctly found no basis to grant the motion to traverse.

With regard to the motion to quash, we find the information contained in the sealed portion of the affidavit furnished probable cause to issue the search warrant. When evaluating probable cause, an informant's tip is scrutinized in light of the "totality of the circumstances" to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Gates*, *supra*, 462 U.S. at p. 238.) The informant's reliability and basis of knowledge are "highly relevant" to this analysis; however, a deficiency in one of these elements "may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." (*Id.* at p. 233.)

In the sealed affidavit, Officer Wilson attested to the CI's reliability based on his

10

or her participation in multiple narcotics investigations over the previous six years resulting in numerous arrests of persons involved in the sale of narcotics and possession of illegal firearms.  (E.g., *People v. Mayer* (1987) 188 Cal.App.3d 1101, 1117 [affidavit asserting that the informant "had given information to the affiant in excess of ten times over the last two years resulting in the issuance of search warrants, the seizure of controlled substances and the arrest of numerous suspects, establishes the reliability of the informant."].)  The CI provided detailed information that was based on first-hand knowledge.  (*Gates*, *supra*, 462 U.S. at p. 234 [noting that a "detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles [the informant's] tip to greater weight than might otherwise be the case."].)  We conclude that under the totality of the circumstances, there was a "fair probability" that contraband would be found in the defendant's residence based on the information provided by the CI.  (*Id.* at p. 238.)  This conclusion is bolstered by the rule that doubtful or marginal cases are to be resolved with a preference for upholding a search under a warrant.  (*Mikesell*, *supra*, 46 Cal.App.4th at p. 1716.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.                                    COLLINS, J.

11