Filed 12/16/21  P. v. Socha CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308652 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA004920) |
| v. | |
| JOSEPH BRIAN SOCHA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Joseph Brian Socha (defendant) appeals from the order summarily denying his petition for resentencing, filed pursuant to Penal Code section 1170.91.[1] He contends that upon receipt of the petition, the trial court was required to schedule a hearing with notice to him and the prosecution. We agree but find the error harmless. Accordingly, we affirm the order.

## BACKGROUND

In 1991, defendant was convicted of 20 felony counts arising from violent sexual attacks on five different women.[2] He was convicted of 13 counts of forcible oral copulation, one count of forcible sexual penetration with a foreign object, three counts of forcible sodomy, two counts of second degree robbery, and one count of kidnapping to commit a felony sexual offense. Allegations of deadly weapons use were found true as to 19 of the 20 counts, and defendant was sentenced to a total determinate prison term of 117 years. Defendant had presented an unsuccessful insanity defense. The judgment was affirmed on appeal in *Socha I*, *supra*, B061637.

In 2020, defendant petitioned in propria persona for resentencing pursuant to section 1170.91, subdivision (b). On August 4, 2020, the trial court summarily denied the petition

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     The record before us includes the information, the abstract of judgment, a minute order regarding defendant's sentencing, and the nonpublished opinion affirming the 1991 judgment in *People v. Socha* (July 23, 1992, B061637) (*Socha I*). We derive the procedural and evidentiary facts from these documents.

without a hearing, issued a memorandum of decision, giving notice to defendant and the district attorney.

Defendant filed a timely notice of appeal from the order. We affirm the order.

## DISCUSSION

Since 2015 California courts when imposing a determinate term of imprisonment are required to consider as a factor in mitigation any sexual trauma, traumatic brain injury (TBI), posttraumatic stress disorder (PTSD), substance abuse, or mental health problems from which a defendant may be suffering as a result of military service in the United States. (§ 1170.91, subdivision (a); see Stats. 2014, ch. 163, § 2.) Effective January 1, 2019, section 1170.91 was amended by adding subdivision (b), which permits any defendant currently serving a sentence for a felony conviction and who was sentenced prior to 2015, to petition for a resentencing hearing in which the court retroactively takes into account the identified mitigating factors, if the court failed to do so at the time of the original sentencing. (§ 1170.91, subd. (b)(1); see *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 238 (*Bonilla-Bray*).)

"To be eligible for resentencing, a petitioner must meet the following criteria: [¶] –He or she is currently serving a sentence for a felony conviction—whether by trial or plea (§ 1170.91, subd. (b)(1)); [¶] –He or she served in a branch of the United States military (*ibid*.); [¶] –As a result of his or her service, he or she suffers from sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, or mental health problems (*ibid*.); [¶] –The court did not consider those circumstances as a factor in mitigation at the time of sentencing

3

(*id.*, subd. (b)(1)(A)); and [¶] –He or she was sentenced before January 1, 2015 (*id.*, subd. (b)(1)(B))." (*Bonilla-Bray, supra*, 49 Cal.App.5th at p. 238.)

Defendant submitted his petition on Judicial Council Form, form CR-412/MIL-412 (new Jan. 1, 2020), alleging that he was currently in jail or prison for multiple felony convictions, had been a member of the United States Marine Corps from October 1981 to February 1984, and that as a result of his military service he may be suffering TBI, PTSD, substance abuse, and mental health problems with a diagnosis of schizoaffective disorder, bipolar disorder, and major depressive disorder. In addition the petition alleged that defendant was sentenced prior to 2015, and that the sentencing court did not consider such health conditions in deciding the sentence.[3] The petition contained all the required allegations.

Section 1170.91, subdivision (b)(3) sets forth the required procedure for the trial court: "Upon receiving a petition under this subdivision, the court shall determine, at a public hearing held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, whether the person satisfies the criteria in this subdivision. At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the

---

[3]     Exhibits attached to the petition included the abstract of judgment, which showed that defendant was sentenced to consecutive determinate terms, as well as defendant's declaration, his military discharge documents, records from the Veterans' Administration (VA), including psychiatric and other medical records, and a military disability benefits determination.

4

person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing."

The trial court here held no hearing and did not provide notice until after the petition was denied.  Without claiming that the petition failed to contain the required averments, the People contend that the court did not err because defendant failed to demonstrate that he was eligible under the statute.  The People argue that before the court was obligated to hold a hearing defendant was required to make a prima facie showing of eligibility and to do so with evidence or by addressing evidence in his trial record.[4]  The People also suggest that the trial court correctly conducted its own unaided review of evidence in the record to determine the truth of allegations of the petition and to exercise the discretion granted by section 1170.91, subdivision (b)(3).

The authority cited for these arguments does not appear to support them.  The People rely on a habeas corpus case, *People v. Duvall* (1995) 9 Cal.4th 464, citing page 475, where the California Supreme Court held that a court "receiving such a petition evaluates it by asking whether, *assuming the petition's factual allegations are true*, the petitioner would be entitled to relief.  [Citations.]  If no prima facie case for relief is stated, the

---

[4]     The People have asked that we take judicial notice of 13 pages of the reporter's transcript in the *Socha I* record, as well as the statement of facts in the People's brief filed in that appeal.  That record was destroyed long ago, and the People have not attached copies of the 13 pages of reporter's transcript or the referenced brief.  As the People have not complied with either subdivision (a) or (b) of Evidence Code section 453, we deny this request.

court will summarily deny the petition. If, however, the court finds the factual allegations, *taken as true*, establish a prima facie case for relief, the court will issue an [order to show cause]." (*Id.* at pp. 474-475, italics added.) Neither the cited case nor section 1170.91, subdivision (b), supports an argument that taking the allegations of the petition as true requires a review of the record without notice or a hearing to determine the truth of allegations already found to be true.

A petitioner is not required to allege evidentiary facts. (*People v. Coleman* (2021) 65 Cal.App.5th 817, 823 (*Coleman*).) The plain language of section 1170.91, subdivision (b)(3) requires the trial court on receipt of defendant's petition to hold a public hearing upon notice to the prosecution, the defense, and any victim of the offense. The initial hearing is not the resentencing hearing at which the court would exercise discretion over whether to resentence defendant; rather a resentencing hearing will be scheduled if defendant satisfies the statutory criteria *after* the initial hearing. (§ 1170.91, subd. (b)(3); see *Coleman*, *supra*, at pp. 823-824.) There is nothing in the statute that would impose an evidentiary burden on the petitioner prior to the initial hearing.

Here, after the trial court reviewed its file, "including minutes, transcripts,[5] probation report, Court of Appeal Decision," and it made findings. The court noted that evidence presented during the sanity phase of the trial showed that while in the Marine Corps defendant was diagnosed with personality

---

[5] In its memorandum of decision dated August 4, 2020, the court cited pages 1038 and 1039 of the reporter's transcript of defendant's trial though later the court was unable to find the transcript.

disorder. After his discharge the VA diagnosed him with paranoid schizophrenia, panic disorder, and borderline personality disorder. The trial court noted that the sentencing court considered the probation report, which mentioned defendant's diagnoses. The trial court concluded that defendant's mental or psychiatric condition was "well known to the sentencing judge," and defendant's *diagnoses* were considered as a mitigating factor by the sentencing court as demonstrated by the sentencing court's following statement:

> "'There are circumstance (*sic*) in MITIGATION which the court is considering: [¶] He has no prior record. [¶] He was in fact suffering from a mental or physical condition that would reduce his culpabilities for the acts. However. the court agreed whole heartedly with the decision of the jury that it did not in any way impede his ability to form the specific intent for those crimes, nor was this any degree of insanity which effected his ability or culpability for these crimes.'"**6**

There is no requirement that the petition allege that defendant's qualifying conditions have been *diagnosed*, as the statute requires only that he "may have" suffered a qualifying condition as a result of military service. (See § 1170.91.) Defendant's petition adequately alleged not only his diagnosed conditions, but also that he may be suffering from TBI and PTSD as a result of his military service. Furthermore, even if defendant had been afforded a hearing his burden still would have been to show only that he "may have" suffered from such

---

**6** "The statute does not require the petitioner to allege that the qualifying condition actually contributed to the commission of the crime." (*Coleman, supra*, 65 Cal.App.5th at p. 824.)

qualifying conditions.  (See *Coleman, supra,* 65 Cal.App.5th at p. 823.)[7]

In sum, the trial court should not have weighed evidence, found facts, or determined whether sufficient evidence supported the allegations in the petition before holding a hearing upon the required notice.  That being said, a failure to comply with the procedural requirements of section 1170.91 is reviewed for prejudice under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*), which requires the appellant to demonstrate a reasonable probability that a result more favorable would have been reached in the absence of the error.  (*People v. King* (2020) 52 Cal.App.5th 783, 790; see Cal. Const., art. VI, § 13.)[8]

---

[7]  "The structure of the statute makes it clear why it uses 'may' rather than 'does.'  If, after a hearing, the trial court finds that the petitioner may be suffering from a qualifying condition as a result of his or her military service, it 'may, in its discretion, resentence the person following a resentencing hearing.'  It does not necessarily have to resentence the petitioner.  And if it does, it need only consider the fact that the petitioner may be suffering from a qualifying condition as a result of his or her military service as one mitigating factor, along with all of the other mitigating and aggravating factors in the case.  The People are free to challenge the credibility of the petitioner's claim." (*Coleman, supra,* 65 Cal.App.5th at p. 823.)

[8]  Defendant proffers no argument that he was prejudiced, but asserts that any procedural error resulting in a denial of a meaningful opportunity to be heard is a denial of due process under both the federal and state constitutions.  The procedure the trial court was required to follow here was purely statutory, and the applicable standard for state procedural error is the *Watson* standard.  (See *People v. Golston* (1986) 188 Cal.App.3d 346, 354, citing *Chapman v. California* (1967) 386 U.S. 18, 21.)

Defendant does not claim that a different result would be reasonably probable if a hearing had been held. Instead he claims that he is prejudiced by his counsel's inability to counter the People's argument and the trial court's finding that defendant was ineligible for relief under section 1170.91, subdivision (b)(1)(A) because the sentencing court considered the alleged military circumstances as a factor in mitigation. Defendant explains that although his motion to augment was granted by this court, the superior court reported that it could not locate a copy of the reporter's transcript of the sentencing hearing and the reporter's notes had been destroyed. He complains that both the People and the trial court have cited portions of the sentencing transcript that was not provided to his appellate counsel. Defendant thus requests that the People be ordered to provide copies of all cited documents. Defendant also asks that the trial court's order be reversed and remanded with directions to the superior court to appoint counsel for defendant, to hold a public hearing on defendant's petition, and to provide copies of the transcripts it relied upon to all parties.

"Defendant is entitled to a record 'adequate to permit meaningful appellate review.'" (*People v. Osband* (1996) 13 Cal.4th 622, 663.) However, ""reversal is indicated only where critical evidence or a substantial part of a [record] is irretrievably lost or destroyed, and there is no alternative way to provide an adequate record so that the appellate court may pass upon the question sought to be raised.""" (*People v. Galland* (2008) 45 Cal.4th 354, 370.)

Defendant has failed to demonstrate that the destroyed record is irretrievably lost opining that the People must have a copy of the original reporter's transcript. Defendant has also

9

failed to demonstrate that there is no alternate way to provide a record that is adequate for this appeal. The entry in the public docket for appeal No. B061637, shows that a letter was sent to defendant on February 11, 2014, informing him that the appellate record in that case was destroyed.[9] The court reporter's declaration regarding the destruction of notes and her inability to provide the sentencing transcript was filed March 12, 2021. Defendant's opening brief was filed two months later. Defendant does not claim to have attempted to obtain a settled statement or otherwise sought to reconstruct the record, or even to have contacted the People after the filing of the respondent's brief in this appeal, which contains quotes from the reporter's transcript.

Moreover it is defendant's "burden . . . to show that the deficiencies in the record are prejudicial to him." (*People v. Osband, supra*, 13 Cal.4th at p. 663.) Defendant's only claim of prejudice is that the missing record was necessary to counter the People's argument and the trial court's finding that the sentencing court considered the alleged military circumstances as a factor in mitigation, thus making defendant ineligible for under section 1170.91, subdivision (b)(1)(A). We have denied the People's request for judicial notice of the record in *Socha I*[10] and have held that the trial court erred in making findings based on its review of the record. We have also held above that defendant was not required to allege evidentiary facts in his section 1170.91

---

**9** See docket for *Socha I, supra*, B061637 at <https:// appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&d oc_id=1000190&doc_no=B061637&request_token=NiIwLSEmTk w2WyBdSSFdUExJQEg6USxbJSJOXzlSQCAgCg%3D%3D> [as of Dec. 3, 2021], archived at <https://perma.cc/ 6WW3-2UKL>.)

**10** See footnote 4, *ante*.

petition. (See *Coleman, supra*, 65 Cal.App.5th at p. 823.) Thus we disregard the People's argument and the trial court's finding, and for purposes of this discussion we assume that the sentencing court did not consider the alleged conditions resulting from defendant's military service.

The trial court reviewed the appellate opinion in *Socha I*, which has been preserved, and quoted part of the opinion's discussion of the aggravating factors that justified consecutive sentences in this case. We find the opinion adequate to permit meaningful appellate review, as it demonstrates that the erroneous summary denial of defendant's petition was harmless. The trial court summed up its ruling with the following quote from the opinion in *Socha I, supra*, B061637:

> "[Defendant's] crimes evidenced a viciousness and callousness going far beyond the cruelty involved in cutting his victims' skin and hair, or carving crosses on their backs, arms and legs; he additionally humiliated and degraded his victims by forcing them to play 'games' and engage in painful sexual acts, and by abandoning them, naked, in public streets and alleys."

> "[Defendant's] 117-year sentence was, without question, well deserved. Under the circumstances, remand for resentencing would amount to nothing more than a 'ritualistic exercise.'"

Although the trial court seemingly misunderstood the scope of its discretion the quote from *Socha I* made clear that there is no reasonable probability that the trial court would exercise its discretion to resentence defendant or even to convene a resentencing hearing if it had granted the petition. Under such circumstances reversal and remand are unwarranted. (See *People v. Bell* (2020) 47 Cal.App.5th 153, 198-199; *People v.*

11

*McVey* (2018) 24 Cal.App.5th 405, 418; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)

We conclude that defendant has not met his burden to show prejudice under the standard of *Watson*, *supra*, 46 Cal.2d at page 836.

## DISPOSITION

The order denying the section 1170.91 petition is affirmed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
ASHMANN-GERST, J.

12